238065 Westenbroek versus Kappa Kappa Gamma. You can approach the podium when you're ready. Good morning your honors and may it please the court. May Mailman on behalf of appellants and I hope to save three minutes for rebuttal. The issue in this appeal is actually quite narrow. This case is at a motion to dismiss. The question before the district court and this court is not the interpretation of woman. The question is whether plaintiffs plausibly allege a breach of fiduciary duty and we do. The district court reached the opposite conclusion only by ignoring our well-pled facts and by importing inapplicable legal principles. The decision must be reversed. I want to start by addressing the relevant allegations in our complaint. The plaintiffs allege that the directors of Kappa Kappa Gamma unilaterally changed the nature of the organization by adding a category of members. Most importantly the complaint alleges that the directors did this in bad faith. The complaint alleges that the directors dodged an honest conversation with the members by burying language in areas unlikely to be policed as a change to membership and when the women in the Wyoming chapter faced harm from the change being implemented they again avoided a good faith conversation and applied pressure to ensure unquestioned acceptance. Let me interrupt. I have a preliminary question that goes to whether we have jurisdiction to hear this case at all. Obviously we have to have a final decision from the district court before we can exercise subject matter jurisdiction. Here the district court dismissed but gave very specific instructions on how you could fix your complaint and refile. If we were to look at the intent of the district court in determining whether or not the district court thought it was a final decision it seems to me it's not final. How do you respond to that? Well a dismissal is it goes to the merits of the plaintiff's complaint rather than a procedural issue that the plaintiffs could be expected to fix. And so the footnote that the district court I don't think indicates that his decision had anything to do not with the merits that this was a procedural issue. It was if you are allowed to refile because they've already filed their first amendment complaint but if you are allowed to I hope that you do a better job of of writing it basically not that there's anything that the plaintiffs can fix. So what the plaintiffs allege is that there is no such promise and even if there was I wouldn't be able to do anything regardless. That goes to the merits of the complaint. There would be no way to write the complaint around that merits decision. Also I think another practical consideration is are there pieces of this case that are living in the district court that might spring to life at any moment? Is this going to lead to piecemeal appeals? And no there's nothing remaining at the district court. Wait a minute you did not appeal the contract or tort claim. Correct. So those are remaining in the district court having been dismissed without prejudice. So think of this hypothetical. You lose here on the derivative claim and the direct claim. You go back to the district court and say well I still have my contract and my tort claims because they were dismissed without prejudice so I'm going to amend as was suggested by the district court in its footnote. That's piecemeal litigation. Well there's no I guess the district court didn't say that this could could be amended and the contract all of these claims are wrapped up. Wait it said without prejudice and it talks about what you can do when you if you choose to amend. But there's no way to fix the merits so the contract claim it didn't just dismiss without prejudice it denied a motion asking that it be dismissed with prejudice but only as an exclamation point. But I think that's separate from what the Moya case said is that where there's a request to leave to amend and that that's granted that that that is something that's not appealable. But here the only reason the district court said that that they that he wasn't going to grant this with prejudice is because the defendants didn't argue that amendment would be futile. So he didn't even consider it. He didn't say that you could refile. He just said there isn't a futility been alleged here so I'm just not going to consider it. It was not a basis for the decision. But don't you agree that if you lose on the derivative claim and you lose on the direct claim that you can go back to district court and amend? The I think the problem is. Can you do that? Not around the merits determination. Can you amend the tort and or the contract claim? I don't think there'd be a good faith basis to do so. Can you do that? Are you authorized to do that by the order of the district court judge? We could ask. We could certainly ask to to refile but it would the problem here and this goes to the the practical consideration of is it on the merits is that all of these contract claims every single one of the claims boils down to whether there's been a certain promise made in the bylaws and whether that promise was broken. And so if if we lose here then in a sense there'd be no way to get around that determination. I couldn't figure out a way. Would you just have to amend the claim on the contract regarding housing? Again that contract goes to the bylaws and whether there was a promise in the bylaws. So I guess we could try. We could ask but there would be a difficult merits determination to overcome. Counsel can I read your briefings to conclude that you are abandoning the contract and tort claim for all time and also really have no note or no intent to in fact maybe disclaiming the rights you have to amend counts one and four as well? Right so it's not raised in our opening brief and so we've forfeited that claim. What about counts one and four though? You have been granted leave to amend those as well. I understand you'd argue to say there's nothing we can do to amend those claims to potentially make them viable consistent with the district court orders. Are you disclaiming any rights you may have to amend them? Well we haven't been given a right to amend that. We've been the claim has been dismissed you know without prejudice and footnote 67 of the district court order is pretty clear that if you want to amend here are sort of the guidelines the district court is offering to you a lifeline. Right and so we could write it better. I agree we could follow that footnote and write it better. The problem is we couldn't write it to get around the determination on the merit. So we could write it cleaner and prettier and nicer just not to fix the problem that exists here and so that's what I really want to address is what is that merits determination that we really can't get around and here the district court instead of assessing the elements of a breach of fiduciary duty claim said that he was unable to review that claim because of non-interference principles but the problem is there is no non-interference principle that forbids courts from looking into bad faith breaches of fiduciary duty so that really is the question is are we in bad faith land or are we in good faith disagreements about the bylaws and so it's only by transforming the complaint into this is a good faith disagreement that you have that deference principle but the complaint doesn't allege that. The complaint alleges that there was a change so this is paragraph 7 paragraph 57 paragraph 58 let's say there was a change to the bylaws that this was an alteration of the membership requirement that they added a category of members and that they did this in bad faith so that when the women in Wyoming said that they had some harm arising from this change instead of having a conversation about that they said we are going to make the vote not anonymous even though it needs to be that women are going to be threatened with dismissal. Looking at your arguments below, I don't see any argument about anonymity when you're talking about the voting requirements that's not there. And the sorry so places in the complaint or I'm talking about when you raised it in the district court and when you raised it with Kappa Kappa Gamma. Okay so I guess a couple of pieces so one to the futility slash demand argument I think there's two things here so one you could see the request the various requests to the Kappa directors as a demand or whether that's futile so we would say both one there was an actual demand made and in that demand letter and that's at 259 and 60 of volume one of the appendix that we specifically do raise that there were illegal voting procedures here. But you never say and they actually the attorneys for the fraternity write back and say could you please point us to the particular provisions or bylaws or procedures that we've that you say that we have violated and you don't respond at all. And I think that that maybe would show futility if they were at they were trying to engage and you didn't respond. Well we I guess we don't see a good faith engagement here because the the illegal voting procedures have been raised with them multiple times and our allegations in our complaint is that they are behind it and so that shows an antagonistic nature that shows that their minds are close to argument because if they're the ones behind it if they are saying that we're going to now use a google poll rather than omega recruit if they are saying that some of the members need to go through sort of retraining to be better CAPA members and that that if they're behind this then of course they're antagonistic and I think that that I mean that's what the district court said of course. But you didn't ever raise either when the district court or with CAPA-CAPA-Gamma your allegations about alleged election violations. It's not in your letter it's not in the argument to the district court. It springs fully formed anew on appeal. Well I guess I disagree with that in the sense that there was a specific in the letter to the CAPA directors it says that voting is supposed to be anonymous and that voting here was not anonymous. In your complaint? And in the complaint absolutely so the lack of secret nature was at paragraph 12 paragraph 106 and paragraph 134. But it's too late in your complaint if you didn't make an effort to raise that complaint to show that you have a right to bring a derivative complaint because they it would have been futile or they were not interested in responding. You have to actually bring it to their attention and in fact the district court never even addressed the election violation theory because it didn't even know it was before it. Well even assuming that that is the case there still is a derivative claim remaining there about the violation of the bylaws in bad faith. So even assuming that we still have a claim but the district court did specifically mention the letter as the reason how we know that these directors were antagonistic and that letter leads with a complaint about the illegal voting procedures and that the request in the letter was for a valid vote in accordance with the bylaws and I hope to claims against only one defendant but two defendants that are not nominal, correct? One is the real estate issue. Correct. Okay so you asked for injunctive relief, correct? Correct. And Rooney cannot give you injunctive relief. She's one individual of I think a council of eight that it takes a vote of six to do something so she has no authority. So how could if you if you get an injunction against her isn't it meaningless? A declaratory relief I think would be meaningful in that circumstance and I think there's still monetary relief that we're seeking for the organization which has lost. Against Rooney? Against Rooney. Even though she has no power to act alone? No but through declaratory relief that the board cannot unilaterally amend the bylaws I think that that the declaratory relief would apply by its nature. Okay are you saying then that that you may be able to survive on your direct claim but not your derivative claim because that's on behalf of the entity? I think a declaratory judgment that Rooney may not take certain actions or that this is what the bylaws require would unless everyone else wants to go then and violate it separately and then get claimed against. But what good is any relief injunctive or declaratory if the only non-nominal defendant is a single individual that is on a board of eight that requires six votes doing the what meaning does any relief have? So the an injunctive relief against one person would still lead to the result that the plaintiffs are seeking here because we would hope that the rest of the board. We're going to talk about hopes and aspirations here. That means according to your view that the other seven members of the council would be have no meaning. I mean okay so you can clam up Rooney but what about the other seven? They're still not free to violate the bylaws and violate this order. That goes to the merits. I'm talking about whether or not you can bring this suit against one nominal defendant excuse me. Well at the very least the monetary relief would still be there and that's not just the direct claim that's the derivative claim. The harm here is to the organization. The organization is one that has lost donations. That has lost its reputation and that has lost members. Members have dropped. In fact the house in Wyoming was not at capacity and is at risk of closing because of that. So still ultimately at the end of the day the monetary relief would be sufficient. And you're out of time. May it please the court. My name is Natalie McLaughlin and it is my privilege to represent Kappa Kappa Gamma Fraternity, the president of its fraternity council Mary Pat Rooney, and the Kappa Kappa Gamma Building Co. in this matter. The district court correctly dismissed this lawsuit recognizing the right of an Ohio voluntary organization to have a federal court interfere in its governance. There are three points Appalese seek to highlight for the court today. One, Kappa's governing documents explicitly grant fraternity council the duty to interpret Kappa's bylaws. Two, because Kappa is a voluntary organization, Kappa is entitled to judicial deference under Ohio law to interpret its own bylaws. And three, there is a presumption under Ohio law that Kappa's fraternity council acted in good faith in accordance with their fiduciary obligations in interpreting Kappa's bylaws. Before you jump into the merits, do we have jurisdiction to even hear this case? Is there a final judgment from the district court when some of the claims were dismissed without prejudice? So we had raised this early with the district court's disposition and the requirement of jurisdiction and we certainly think this is a valid question for the court to consider. This is something that the court will have to consider before getting to the merits. And I'm asking you to weigh in on that consideration. Yeah, so appellants have, we question the court's jurisdiction and that's why we raised it in a motion and raised it again in our brief. Appellants have represented to the court that they believe no believe they have a better understanding of what they are seeking to advance with regard to their derivative and their direct claims. So the court does have the opportunity to consider whether it can take their representations to consider those claims. We do believe that there has been an abandonment though of their breach of contract and their tortious interference claims and not advancing those claims before the court. But this court will need to consider. How can they advance those claims before the court when they were dismissed without prejudice? We believe those courts have been abandoned by them and not advancing them any further. So you think they should have appealed the decision to dismiss them without prejudice even though they would have had an opportunity to amend? Well, they have represented to the court that all of their claims are that the CAPA has the ability to determine its own bylaws and interpret the bylaws, interpret the term women. And though we have represented to, we have put forth for this court early on in our motion and have raised it again in our briefing that because of the court's determination that that decision was without prejudice that there is a jurisdictional question that this court will have to determine. And whether we had raised it or not, this court would have to make that decision even sua sponte if we had not raised it. And so that is a decision for this court to make. And we think that that is a fair question for this court. Now they have asked this court to take their representation that that is a question that they have said is a question that they cannot do anything to fix that claim. And we question that representation. So I don't understand your answer. Is it your position we do not have jurisdiction? We do not believe they have jurisdiction, but they have asked this court to take their representation at face value and find jurisdiction. Yes. And so the term women is undefined in CAPA's bylaws. And that term women is not a term that has a singular definition. But everyone in this. Well, I mean, I think the argument comes down to your the fraternity has the right to interpret its own bylaws and its policies. But the argument is this isn't an interpretation. This is an amendment. And that woman has been expanded to include people who, when the fraternity was formed, would not have been considered women. Can you respond to that argument? Certainly. Certainly. So the membership qualifications in the bylaws remain the same. There has been no amendment to the bylaws, which is that a in the bylaws. And Fraternity Council is explicitly given the duty, not even just the right, the duty in these standing rules to interpret terms in the bylaws. And that is what occurred here. Now, the issue here is whether Fraternity Council has the right to interpret the term women. And it is not whether they have announced that term in the best form, but whether they have exercised the right to interpret that term. And that is what occurred here. And so the term women is undefined in the bylaws. And that term women is not subject to a singular definition. And everyone in this large and diverse organization of over 210,000 individuals does not interpret that term women in the same way. And Campus Fraternity Council are the volunteers of this organization who were elected to serve as the board and given that duty in the standing rules to interpret the terms. And what appellants have asked the court to do is to elevate their interpretation above that of Fraternity Council. But what this court should do is defer to Fraternity Council's interpretation because that is what is required both by campus governing documents and Ohio law. What if the interpretation of women was that it included cisgender men? Would your same argument fly that it's simply an interpretation and they have absolute right to interpret it any way they want? So the principle under Ohio law and Ohio law on this under is that judicial deference accorded to voluntary organizations in their interpretation and administration is a threshold issue that the must consider. And what Ohio law holds in turning to this case is that courts must defer and without direction or interference by the courts the right to adopt bylaws and interpret them and administer them is as sacred as the right to make them. And the only time that a court can step in is if they have to show that the interpretation is both unreasonable and arbitrary. So that particular interpretation is not before the court today and that is something that I do not have the research on or interpretations on cisgender men. But what we would have to look at is, is that interpretation unreasonable and arbitrary? And here what we have done for this court is put forward many resources and many other sources such as the National Panhellenic Conference, federal courts, other and dictionaries to show this court not to say that this is the correct interpretation but to enable this court to look at that and say this interpretation is a reasonable and non-arbitrary interpretation. And judicial deference only requires the court to look at that and determine is this a reasonable and non-arbitrary interpretation and if so then judicial deference is required per Ohio law. But counsel how do you respond to the appellant's argument again you keep using the word interpretation and their argument is there's no interpretation here it's legislation and even the bylaws itself when it says woman period when you're adding language and those who identify as women that you're creating a new category altogether. Sure so the issue here is whether counsel has the right to interpret women not again whether they have announced that interpretation in the best form. So nine years ago counsel had shared that the membership was inclusive of individuals identifying as women and we have certainly improved in nine years in how we might define and talk about gender identity but we cannot expect a volunteer board to communicate their interpretations as precisely as a legislator drafts a statute nor are they held to a statutory interpretation analysis and what CAPA's governing documents do is they give counsel the right to interpret and an artful announcement of an interpretation by a volunteer board does not warrant court interference under Ohio law only an unreasonable and arbitrary interpretation does. But they're alleging bad faith here and the idea as I understand it is it's one thing for the board to interpret the bylaws in a way that determines eligibility criteria regarding things like GPA or let's say you want to admit someone who has good moral character compared with what is really the foundational issue for why this organization has existed for 150 years that this is categorically different which I also understand they to say them to say that's why the court getting involved and this one unique issue would not lead to the quote wave of suits about whether or not this person was admitted because their GPA was on the cusp or you know some other eligibility criteria so isn't this fundamentally different? Well that you know is speculation on that part but we do not view that this issue as any different counsel exercises the authority there is no distinguishing factor in the standing rules that counsel has the ability to interpret certain terms and not other terms. Women is unquestionably not defined. Women is also a term that unquestionably has multiple definitions and that seek to distinguish this term versus other terms that counsel also exercises the right to interpret certainly there are other terms and you have called out some of them that counsel also exercises their authority to interpret so that they seek to question the interpretation of this term which is one that they take issue with well again counsel has interpreted other things such as you know how do they interpret regard for others and appreciation for the worth of all individuals well counsel has also set forth in their position statements they interpret that to be they interpret that to mean they require candidates to be responsible citizens and contributing members of their communities that this interpretation is something that they take issue with does not give that this is something they disagree with does not divest fraternity counsel of both their right under the standing rules and the right under Ohio law to interpret that. But we're also at the pleading stage and they're alleging bad faith and wouldn't that eviscerate any deference that the board would be entitled? No so it is important to distinguish that under Ohio law because this is a voluntary organization there are two separate tests that this court needs to be aware of the first is the judicial deference test and that is something that is only accorded to voluntary organizations it is not something that is accorded to for-profit corporations under Ohio law and judicial deference is the test that we set forth under Stavora and the other cases under that judicial deference is accorded to the interpretation of governing documents and that is a threshold issue for this court to decide the breach of fiduciary duty test is a second test and that's for breach of fiduciary duty claims that could apply both for voluntary organizations and for-profit corporations moving beyond judicial deference that is a separate test and so if the court were to determine even if you were to find that their interpretation was unreasonable you would still consider whether a breach of fiduciary duty claim is met and under that they have to allege facts to establish a plausible claim for breach of fiduciary duty now what must be alleged again is that there are facts to show plausibly that there has been bad faith on the part of Ms. Rooney and that is more than that just conclusory allegations actual facts and here that has not been contended what they allege as I understand it is that um Ms. Rooney had an outcome that she wanted and manipulated the voting process so that she could get that outcome I'm not saying that's what's alleged isn't that enough of an allegation to support at this stage bad faith reviewing the complaint that is not what is actually alleged and so certainly that is what they're briefing now attempts to allege but again the complaint we have to look at what are the actual factual allegations as opposed to the conclusory allegations and what looking at the factual allegations here the factual allegations and taking again there's very little alleged against Ms. Rooney but taking the allegations against fraternity council to be what is alleged against her the actual allegations against fraternity council about when does fraternity council come into play those are the allegations in paragraph 63, 93, 94, 141 there are no allegations that fraternity council became aware of anything going on until actually after post-election not in the membership selection the complaints about fraternity council is that after Ms. Langford had been selected by the chapter complaints were made that the fraternity council was made aware of this and what they failed to do was stop they did not stop the induction I see my time is about to run short may I finish this answer yes and we gave your opposition two extra minutes so I'm fine with that but let me point you to paragraph 163 by not only allowing but also by endorsing and actively working to secure the membership of the loyalty care and obedience compliance and certainly and that is absolutely what we would we contend is certainly a conclusory allegation if you review the actual factual allegations here and again looking at allegations 63, 93, 94, and 141 of the complaint which allege the actual specific facts of when did fraternity council even become aware of what was going on in the chapter of Wyoming what is specifically alleged regarding Ms. Langford is that complaints were made after she was elected that this individual had been selected by the chapter and they were and they were made aware and what she and what they failed to do was stop the induction of Ms. Langford but what they have also done is they have put forth the standing rules and the bylaws and that allows the court to rule to review what the actual process is for induction of members by fraternity council and that is basically an automatic process the induction process is something that is required the language that is for fraternity council is shall and so they shall induct anybody who meets those requirements it is not a discretionary process and you are now over I'm sorry you you invoke the concept of the fiduciary shield law of Wyoming as interpreted by this court in 10 mile industrial park correct correct and if that's correct that Ms. Rooney is under Wyoming law there's nothing left but nominal defendants correct that is correct and is that a basis alone to affirm the dismissal without prejudice that that could be yes thank you thank you thank you we will take this matter under advisement we appreciate your argument today and the briefing